WILL OF GABEL: CHRISTIANSON and others, Respondents, vs. CHRISTENSEN, Trustee, Appellant.

*May 5—June 8, 1954.*

210

For the appellant there was a brief by *Vaudreuil & Vaudreuil* of Kenosha, and *John S. Burgess* of Racine, and oral argument by *Leo E. Vaudreuil*.

For the respondents there was a brief by *Francis H. Wendt* of Racine, for South Raymond Lutheran Church, and by *Harvey & Harvey* of Racine, for Irene Christianson, Claren C. Olsen, and Janet Mae Olsen, and oral argument by *Mr. Richard G. Harvey, Jr.,* guardian *ad litem, Mr. Wendt,* and by *Mr. Robert J. Breakstone* of Racine.

GEHL, J.   Appellant calls attention to the following facts and circumstances which he contends require reversal: The provisions of the will and codicils which grant to him rather broad powers; as trustee he was not required to account to the estate for all the interest collected on the investments, a practice which had been followed during the lifetime of decedent; he was not required to increase the income to the estate upon investments which decedent had owned during her lifetime and which came to him as trustee; there has been no loss to the estate or to the trusts and, in fact, the safety of some of the investments was increased when the mortgages were transferred; upon transfers of the investments he personally and in writing guaranteed payment.

A petition for the removal of a trustee is addressed to the discretion of the court and its action may not be reversed in the absence of an abuse thereof, sec. 231.26, Stats.; *Welch v. Welch,* 235 Wis. 282, 290 N. W. 758, 293 N. W. 150. The statute provides that he may be removed when it is shown that he has violated his trust.

He violates his duty of loyalty when he sells his individual property to himself as trustee. *Will of Cosgrove,* 236 Wis. 554, 295 N. W. 784. He is not relieved of the result of such conduct by the fact that he acted in good faith and without loss to the trust, *McClear v. Root,* 147 Wis. 60, 132 N. W. 539; *Matter of Filardo,* 221 Wis. 589, 267 N. W. 312. Appellant contends that he acted in accordance with the broad powers conferred by the will and codicils. A trustee must execute the trust according to law although the will

confers the broadest discretionary powers. *Estate of Allis,* 191 Wis. 23, 209 N. W. 945, 210 N. W. 418. Mr. Christensen also violated his duty when he retained a portion of the interest paid upon mortgages held by him as trustee, transactions resulting in personal advantage to him. *Will of Leonard,* 202 Wis. 117, 230 N. W. 715.

The application of these rules to the facts presented requires that we hold that the trial court did not abuse its discretion in removing the trustee.

The judgment, besides providing that the trustee be removed, orders that a complete accounting be made by him within six weeks from the date of filing findings of fact and conclusions of law. Petitioners have moved for a review and "modification of paragraph Third of the conclusions of law, so as to provide that by virtue of the provisions of paragraph Fifteenth of the decedent's will, the trustee is *not* entitled to retain collection fees and interest diverted to his own use by the device of assigning mortgages to the deceased to net four (4%) per cent through the office of L. C. Christensen, and that the trustee is not entitled to retain any income of the trust estate, or the estate of the deceased herself, derived from securities obtained before or after the death of the deceased, whether during the course of administration of the deceased's estate, or during the administration of the various trusts."

Upon the oral argument, counsel for petitioners indicated that they are particularly interested in the recovery of the amounts withheld by Mr. Christensen from interest collected by him while acting as executor of the estate. Judgment allowing his final account as executor and assigning the residue of the estate was entered on August 16, 1951. There are several reasons why we may not consider the motion: (1) The demand for the return of those amounts should have been made upon the executor; (2) if objection had been made and the court erred in allowing the executor's

account and thereby permitted him to retain what was not his, the remedy was by appeal, the time for which has expired; and (3) the petitions here involved are for relief against the trustee, not the executor. As we have pointed out, the trustee is required by the terms of the judgment to account for his doings as such trustee.

*By the Court.*—Judgment affirmed. The cause is remanded for further proceedings in accordance with the judgment and this opinion.